BARCLAY, ET AL. EXRS. ETC. *v.* DAWSON, ADM'R. ET AL.

ANSWER—*When, as to matters within knowledge.*—Where the defendant answers as to matters within his own knowledge, and the answer is directly responsive to the allegations of the bill, it requires two witnesses, or one witness with corroborating circumstances, to overturn the answer.

*When as to facts not within knowledge.*—Where defendant answers as to matters not within his knowledge, one witness on the part of the plaintiff, is sufficient to overthrow the answer.

*When bill dismissed on answer*—Where the allegations of the bill are not within the personal knowledge of the defendant, and he admits, or states in his answer, that he has no knowledge of the same, save as stated in the bill; and neither party introduces any proof on the trial, the bill is properly dismissed for the want of equity.

*Appeal from St. Francis Circuit Court.*

HON. WM. STORY, Circuit Judge.

*W. G. Whipple*, for appellants.

The testimony of one witness will be sufficient against the denial of an answer, where the defendant can have no personal knowledge of the fact. The same principle holds where the fact denied cannot be supposed within the knowledge of the defendant. In such case, the only effect of the denial in the answer, is to put the complainant to the proof. *Watson v. Palmer, 5 Ark. 506; Barraque v. Siler, 9 Ark. 550; Burr v. Burton, 18 Ark. 228; Combs v. Basnell, 1 Dana, 474; Lawrence v. Lawrence, 5 Bibb, 357; Dulith v. Cawsault, 5 Cranch, C. C. 352; Dagans v. Gettings, 2 Gill & Johnson, 216.*

The decrees, *pro confesso,* were simply interlocutory as to the defendants who failed to appear. *Anthony v. Shannon, 8 Ark. 52; Crittenden, ex-parte, 20 Ark. 333; Tucker v. Yell, 25 Ark. 420;* and the case should have thereafter been set down for hearing and proof. *Rose v. Woodruff, 4 Johns. Chan. R. 547; Barb. Ch. Pr. 1, 369.*

*Brown & Lyles*, for appellees.

No proof is made of a mortgage, and a conveyance having been made, and no notice brought home to any of the vendees, the bill was properly dismissed by the court below, and that decree should be here affirmed.

SEARLE, J.

The facts and proceedings in the court below, so far as a statement of which is necessary to develope the questions to be considered and determined in this court, are briefly as follows: The complainants brought their action, in that court, to foreclose a mortgage upon certain real estate, alleging, among other things, in their bill of complaint, that the original deed of mortgage was lost, and the county records, in which said deed was recorded, were destroyed. All the defendants were, either actually or constructively, subpœnaed; all failed to ap-

pear, with the exception of the defendant, Dawson, and decrees, *pro confesso*, were entered against them. Dawson answered. At the final hearing of the cause, no proof was offered on the part of the complainant, or of the defendant, Dawson; and the court rendered a decree dismissing the complaint, for *want of equity*. The only inquiry suggested by the record, as it comes before us, is, did the court below err in dismissing this cause for want of equity?

The bill is sufficient, both in form and substance; it contains, besides the averments necessary to be avered in ordinary bills for foreclosure, the further averments that the complainants were not in possession of the deed of mortgage upon which the action was brought, the same having been lost; that they have not a copy of said mortgage, and that the records of St. Francis county, in which said mortgage was recorded, were destroyed by fire. The bill is verified by the affidavit of one of the solicitors of the complainants, who swears that the facts are true "to the best of his knowledge, information and belief;" but the extent of his knowledge or information is not shown, either by the bill or by depositions; nor does the note, exhibited with the bill, show that it was secured by mortgage.

The bill seems fully to set forth a proper case for the interposition of a court of equity, for the purpose of foreclosure. The answer is responsive to the matter of the bill, and after admitting or denying the other allegations of the bill, avers "that the appellants have no knowledge or information, save by said bill of complaint," and therefore denies it to be true that a deed of mortgage was ever executed, acknowledged and delivered, as alleged in the bill of complaint. The answer is sworn to by the defendant, Dawson, as administrator, etc.

It is a well established rule, in equity jurisprudence, that when the defendant, under oath, interposes, in his answer, matters of defense, directly responsive to the allegations of the bill, and within his personal knowledge, it is incumbent on the complainant to substantiate the averments of his bill by the testimony of two witnesses, or one witness with strong cor-

roborating circumstances. *Menifee v. Menifee, 8 Ark., 10; Aiken v. Harrington, 12 Ark., 391; Jordan v. Fenno, 13 Ark., 596.*

It is also a well established rule that when the matter of the answer is not within the knowledge of the pleader, the evidence of one witness on the part of the complainant will be sufficient to overthrow the answer. *Watson et al v. Palmer et al, 5 Ark., 506; Barraque v. Siter, 9 Ark., 550; Burr v. Burton, 18 Ark., 228; Combs v. Boswell, 1 Dana, 474; Lawrence v. Lawrence, 5 Bibb, 357.*

From these rules it seems clear that the complainant in equity, appealing, by his bill, to the conscience of the defendant, makes his answer evidence, when it is under oath, responsive to the bill, and embraces matter within his personal knowledge.

In the case under consideration, if the matters of denial, contained in the defendant's answer, had been within his personal knowledge, they would have refuted the averments of the bill and overthrown its equities. But the allegations of the bill were not within the personal knowledge of the defendant, for, as administrator, in which capacity he was sued, the material facts stated in his answer could not be supposed to be within his knowledge; moreover, he asserts in his answer that he had no knowledge of them, save by the bill of complaint. The allegations, then, of the defendant, not being evidence, simply presented issues of fact as to the matters they denied, and threw the burthen of proving them upon the complainants.

But at the final hearing of the cause, the complainants failed to produce any evidence to make good the allegations of their bill. The adjudication was upon the bill, answer and exhibits alone, and the chancellor properly dismissed the bill for want of equity.

Finding no error, the decree is affirmed.